# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

Case No. 18-cv-62562

**BROWARD COUNTY**, a political subdivision of the state of Florida,

        Plaintiff,

v.

**ENVIRON TOWERS I CONDOMINIUM ASSOCIATION**, **INC.**, a Florida Not for Profit Corporation,

        Defendant.

## COMPLAINT
### *JURY TRIAL DEMANDED*

### Nature of Action

1. This is a civil action brought by Broward County, a political subdivision of the state of Florida (the "County") pursuant to the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et. seq.* and the Broward County Human Rights Act, Section 16½ *et seq.*, Broward County Code of Ordinances, against Environ Towers I Condominium Association, Inc. due to its violations of the above-specified provisions by unlawfully discriminating against Patricia Cintron because of her disability. In support of this Complaint, the County alleges the following:

### Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 3612, and 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), in that the events giving rise to this action occurred in this judicial district.

4. All conditions precedent to the filing of this action have been satisfied.

1

## Parties

5. Plaintiff, the County, is a political subdivision of the state of Florida, and a home rule charter county. Broward County Human Rights Section ("the Section"), is an agency of the Broward County Government. The Section has the authority to investigate complaints of discrimination brought under the Broward County Human Rights Act and, as a Fair Housing Assistance Program certified by the United States Department of Housing and Urban Development ("HUD"), any complaint of housing discrimination brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.

6. The County also has the authority to seek appropriate damages and injunctive or other equitable relief in a court of competent jurisdiction pursuant to the Fair Housing Act, 42 U.S.C. § 3616 and 24 C.F.R. §§ 115.204-205.

7. Defendant Environ Towers I Condominium Association, Inc. ("Environ Towers I") is a non-profit corporation responsible for administering and governing its condominium complex pursuant to the documents establishing such corporation, and is located at 7200 Radice Court, Lauderhill, Florida 33319.

8. The condominium units at Environ Towers I are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b) and Subsection 16½-3(u) of the Broward County Human Rights Act.

**Factual Allegations**

9. At the time of the events set forth herein, Ms. Cintron, a disabled individual, owned and resided in unit 106 within Environ Towers I's residential dwelling complex.

10. Ms. Cintron suffers from debilitating depression that, coupled with other illnesses, severely interferes with her ability to cope with everyday life by making her extremely tired and keeping her from walking long distances. Sometimes, she is unable to get out of bed.

11. Ms. Cintron is also the primary care taker of her husband, an 86-year-old, terminally ill cancer patient.

12. On or about January 16, 2018, Ms. Cintron made a written request to Environ Towers I to maintain an emotional support animal to help her cope with her disability.

13. Although Environ Towers I's rules and regulations prohibit pets on the premises, several residents have pets.

14. Ms. Cintron's request was accompanied by documentation from her physician stating that Ms. Cintron suffers from depression and needs her pet to help her cope with the depression.

15. On January 30, 2018, Environ Towers I summarily denied Ms. Cintron's request.

16. Environ Towers I's denial of Ms. Cintron's request was based, among other things, upon a belief that Ms. Cintron's supporting documentation was legally inadequate and failed to show that Ms. Cintron is disabled and needs an emotional support animal.

17. Prior to denying Ms. Cintron's request for a reasonable accommodation, Environ Towers I did not request additional documentation from Ms. Cintron or her physician. It also failed to engage in an open dialogue with Ms. Cintron or her physician or to otherwise engage in any meaningful interactive process to assess the reasonableness of Ms. Cintron's request.

18. On March 10, 2018, Ms. Cintron filed a complaint with the Section alleging housing discrimination against Environ Towers I based upon its denial of a reasonable accommodation.

19. Conciliation efforts failed to yield results that were mutually agreeable to the parties.

20. On September 30, 2018, Ms. Cintron filed a notice of election to have the case decided in a civil action in the United States District Court, pursuant to Section 16½-53(a) of the Broward County Human Rights Act.

21. On October 23, 2013, the Broward County Board of County Commissioners authorized the County to commence a civil action against Environ Towers I.

### Count I – Violation of the 42 U.S.C. § 3604(f)(2) and (f)(3)(B)

22. The County realleges and incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23. Defendant, Environ Towers I, through its conduct and actions described above has discriminated against Ms.Cintron on the basis of her disability by failing or refusing to make reasonable accommodations in its rules, policies, practices, or services, which prohibit animals at Environ Towers I when such accommodations are necessary to afford Ms. Cintron an equal opportunity to use and enjoy her dwelling in violation of 42 U.S.C. 3604(f)(2) and (f)(3)(B).

24. Ms. Cintron is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and suffered injuries as a result of Environ Towers I's discriminatory actions and conduct.

WHEREFORE, the County respectfully requests that this Court enter an order that:

(a) Declares the discriminatory housing practices of Environ Towers I, as set forth above, violates the Fair Housing Act, 42 U.S.C. §3601 *et seq.*;

4

(b)     Orders Environ Towers I to cease violating the Fair Housing Act and require that Environ Towers I allow Ms. Cintron to maintain a support animal in the premises;

(c)     Awards Ms. Cintron monetary damages, including actual damages, damages for mental anguish, emotional distress, humiliation, embarrassment, inconvenience and loss of the right to an equal opportunity to enjoy her dwelling as would fully compensate her for any injuries caused by Environ Towers I's unreasonable refusal to grant a reasonable accommodation because of Ms. Cintron's disability;

(d)     Awards the County its reasonable attorney's fees and costs incurred in bringing this action;

(e)     Assesses a civil penalty against Environ Towers I in the amount authorized in Section 42 U.S.C. § 3612(g)(3) and § 3614(d)(1)(C) of the Fair Housing Act, in order to vindicate the public interest; and

(f)     Grants such other relief as justice may require.

## Count II – Violation of Subsections 16½-35(g) and (h) of the Broward County Human Rights Act

25.     The County realleges and incorporates by reference, paragraphs 1 through 21, as if fully set forth herein.

26.     Defendant, Environ Towers I, through its conduct and acts described above, violated Subsections 16½-35(g) and (h) of the Broward County Human Rights Act by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations may be necessary to afford Ms. Cintron an equal opportunity to use and enjoy her dwelling.

27. Ms. Cintron is an "aggrieved person" as defined in Subsections 16½-3(b) of the Broward County Human Rights Act and suffered injuries as a result of Environ Towers I's discriminatory actions and conduct.

28. The discriminatory conduct or actions of Environ Towers I were intentional, willful, and taken in disregard for the rights of Ms. Cintron.

WHEREFORE, the County respectfully requests that this Court enter an order that:

(a) Declares the discriminatory housing practices of Environ Towers I, as set forth above, violate the Broward County Human Rights Act;

(b) Orders Environ Towers I to cease violating the Fair Housing Act and requires that Environ Towers I allow Ms. Cintron to maintain a support animal in the premises;

(c) Awards Ms. Cintron monetary damages as would fully compensate her for any injuries caused by Defendant Environ Towers I's refusal to grant her a reasonable accommodation because of her disability;

(d) Awards the Section its reasonable attorney's fees and costs incurred in bringing this action;

(e) Assesses a civil penalty against Environ Towers I in the amount authorized in Section 16½-50(c) of the Broward County Human Rights Act, in order to vindicate the public interest; and

(f) Grants such other relief as justice may require.

**Jury Demand**

Pursuant to Fed R. Civ. P. 38, Plaintiff hereby demands trial by jury on all issues.

Dated: October 25, 2018

Respectfully submitted;

Andrew J. Meyers
County Attorney for Broward County
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By: /s/ Rocio Blanco Garcia
Rocio Blanco Garcia, Florida Bar No.: 099307
Assistant County Attorney
E-mail: rblancogarcia@broward.org
*Attorneys for Plaintiff, Broward County*