UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case No. 18-cv-62562-BB

BROWARD COUNTY, a political subdivision )
of the state of Florida, )
)
                Plaintiff, )
v. )
)
ENVIRON TOWERS I CONDOMINIUM )
ASSOCIATION, INC., a Florida not-for-profit )
corporation, )
)
                Defendant. )
_____ )

## THE ASSOCIATION'S ANSWER & AFFIRMATIVE DEFENSES

Defendant, ENVIRON TOWERS I CONDOMINIUM ASSOCIATION, INC. (hereinafter "the Association" and/or Defendant), by and through its undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. To the extent a response is required, the Association admits that Plaintiff has filed this action alleging the claims set forth in its Complaint. Defendant expressly denies any liability to Plaintiff and/or to unit owner, PATRICIA CINTRON ("CINTRON"), or any alleged violation of the Federal Fair Housing Act, as amended by the Fair Housing Amendments Act, or the Broward County Human Rights Act.

2. The Association admits the allegations set forth in paragraph 2 of the Complaint for purposes of jurisdiction only. Defendant expressly denies any liability to Plaintiff or to CINTRON.

3. The Association admits the allegations set forth in paragraph 3 of the Complaint for purposes of venue only. Defendant expressly denies any liability to Plaintiff or CINTRON.

4. The Association is without knowledge of the allegations set forth in paragraph 4 of the Complaint and they are, therefore, denied.

5. To the extent that a response is required, the Association states the language of the Fair Housing Act, 42 U.S.C. §3601 *et seq.,* speaks for itself and is the best evidence of its contents.

6. To the extent that a response is required, the Association states the language of 42 U.S.C. §3616 and 24 C.F.R. §§115.205-205 speaks for itself and is the best evidence of its content.

7. The Association admits the allegations set forth in paragraph 7 of the Complaint.

8. The Association is without knowledge regarding the allegations set forth in paragraph 8 of the Complaint and they are, therefore, denied.

9. The Association admits only that at the time of the events set forth herein, CINTRON owned and resided in Unit 106 in the condominium building located at 7200 Radice Court. Defendant denies the remainder of the allegations set forth in paragraph 9 of the Complaint.

10. The Association is without knowledge of the allegations set forth in paragraph 10 of the Complaint and they are, therefore, denied.

11. The Association is without knowledge of the allegations set forth in paragraph 11 of the Complaint and they are, therefore, denied.

12. Defendant admits only that on or about January 16, 2018, CINTRON made a written request to the Association to keep a dog in her condominium apartment. The Association denies the remainder of the allegations of paragraph 12 of the Complaint.

13. Defendant admits only that the Association's rules and regulations prohibit pets on the premises of the condominium, and denies the remainder of the allegations of paragraph 13 of the Complaint.

14. The Association admits that Plaintiff submitted a letter from a doctor with the written request referred to in paragraph 12 of the Complaint. The letter speaks for itself and is the best evidence of its contents.

15. The Association admits only that on or about January 30, 2018, the Association denied CINTRON's request (in writing) to keep a dog in her condominium unit and further denies that its denial was done "summarily."

16. To the extent a response is required, the Association states that its written denial of CINTRON's request to keep a dog in her condominium unit speaks for itself and is the best evidence of its contents.

17. Denied.

18. Defendant admits only that on or about March 10, 2018, CINTRON filed a complaint against the Association with the Broward County Human Rights Section and further states that CINTRON's complaint speaks for itself and is the best evidence of its contents.

19. The Association is without knowledge regarding the allegations of paragraph 19 of the Complaint and they are, therefore, denied.

20. The Association is without knowledge regarding the allegations of paragraph 20 of the Complaint and they are, therefore, denied.

21. The Association is without knowledge regarding the allegations of paragraph 21 of the Complaint and they are, therefore, denied.

### ANSWER TO COUNT I – VIOLATION OF 42 U.S.C. §3604(f)(2) and (f)(3)(b)

22. Defendant realleges its responses to paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. The Association denies the allegations of paragraph 23 of the Complaint.

24. The Association is without knowledge regarding the allegations of paragraph 24 of the Complaint and they are, therefore, denied.

### ANSWER TO COUNT II – VIOLATION OF THE BROWARD COUNTY HUMAN RIGHTS ACT

25. Defendant realleges its responses to paragraphs 1 through 21 of the Complaint as though fully set forth herein.

26. The Association denies the allegations of paragraph 26 of the Complaint.

27. The Association is without knowledge regarding the allegations of paragraph 27 of the Complaint and they are, therefore, denied.

28. The Association denies that its conduct or actions were discriminatory or that they were intentional, willful, or taken in disregard to the rights of CINTRON.

### ANSWER TO PRAYER FOR RELIEF IN BOTH CAUSES OF ACTION

Denied.  The Association denies that Plaintiff is entitled to declaratory or injunctive relief, that CINTRON is entitled to an award of any monetary damages, that the County is entitled to an award of its attorney's fees, that a civil penalty should be assessed against the Association, or any other form of relief in the absence of a plausible claim against Defendant.

**AFFIRMATIVE DEFENSES**

Preliminary discovery and investigation has revealed that one or more of the following defenses are or may become available to Defendant, ENVIRON TOWERS I CONDOMINIUM ASSOCIATION, INC., in this matter. The Association therefore asserts said defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts so warrant, Defendant may withdraw any of these defenses as may be appropriate.

The Association reserves the right to amend these affirmative defenses, as additional formation is obtained through discovery and/or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted because the Complaint does not allege sufficient ultimate facts showing that CINTRON suffers from a "disability" and/or "handicap" within the meaning of the Federal Fair Housing Act or Broward County Human Rights Act, or how having a dog in her condominium apartment ameliorates and/or is necessary for CINTRON to have an equal opportunity to use and enjoy her apartment.

**SECOND AFFIRMATIVE DEFENSE**

At all times material herein, the Association acted without malice or discriminatory animus, without reckless disregard for the rights of CINTRON, and affirmatively engaged in good faith efforts to comply with all applicable laws.

**THIRD AFFIRMATIVE DEFENSE**

The Association affirmatively states the claims asserted are barred because Defendant adhered to and complied with all federal, state, and/or local laws governing its actions in connection with the subject real property. Specifically, the Association denies violating any provision of the Federal Fair Housing Act or the Broward County Human Rights Act.

### FOURTH AFFIRMATIVE DEFENSE

CINTRON's claim for damages is barred or reduced to the extent that she failed to take reasonable steps to mitigate her damages, including without limitation, seeking necessary medical providers for treatment and providing this information to the Association when it attempted to engage CINTRON in the interactive process.

### FIFTH AFFIRMATIVE DEFENSE

Both before and after the Association denied CINTRON's request to keep a dog in her condominium apartment, a member of the Association's Board of Directors verbally advised CINTRON that her documentation was insufficient and invited CINTRON to submit further supporting documentation from her medical and mental health provider(s) to establish that she suffered from a "disability" or "handicap" under the applicable laws. Thus, the Association appropriately engaged in the interactive process.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, CINTRON has unclean hands and her claim for relief being enforced by Broward County should be barred because CINTRON submitted her request to keep a dog in her condominium unit with a letter from a licensed clinical social worker whose office CINTRON had never visited (which is located in Osprey) and who had never diagnosed or treated CINTRON for any specific medical or mental health disorder.

### SEVENTH AFFIRMATIVE DEFENSE

At all times material herein, the Association's actions toward Plaintiff were taken based on legitimate, non-discriminatory reasons.

### EIGHTH AFFIRMATIVE DEFENSE

The Association is committed to maintaining an environment where all individuals are treated fairly; harassment, retaliation, or discrimination of any kind is absolutely prohibited.

### THE ASSOCIATION's REQUEST FOR ATTORNEYS FEES & COSTS

Defendant, ENVIRON TOWERS I CONDOMINIUM ASSOCIATION, INC., respectfully requests and seeks its attorneys and costs pursuant to the Fair Housing Act, 42 U.S.C. 3613(c)(2) and the Broward County Human Rights Act, §16 ½ - 53(f) as the prevailing party entitled to such fees and costs.

WHEREFORE, Defendant, ENVIRON TOWERS I CONDOMINIUM ASSOCIATION, INC., requests this Court to deny Plaintiff's request for relief and demand judgment against the Plaintiff, to award Defendant its attorney's fees and costs, and to provide such further relief as this Court deems just and proper.

Respectfully submitted,

By: */s/Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
*Counsel for Defendant ENVIRON TOWERS I CONDOMINIUM ASSOCIATION, INC.*
100 Northeast Third Avenue, 11th Floor
Fort Lauderdale, FL  33301
Telephone No.:  (954) 847-4920
Facsimile No.:  (954) 627-6640
ajmarchese@mdwcg.com;
mdlincoff@mdwcg.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Rocio Blanco Garcia, Esq.**
**Andrew J. Myers, Esq.**
Assistant County Attorney for Broward County
115 S. Andrews Ave., Suite 423
Fort Lauderdale, FL 33301
rblancogarcia@broward.org

*/s/  Andrew J. Marchese*
ANDREW J. MARCHESE